THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| JAMES TIMMONS<br>6695 State Route 314<br>Bellville, Ohio 44813,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADENA CORPORATION<br>1310 West Fourth St.<br>Mansfield, Ohio 44906,<br><br>　　　　　Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, James Timmons, by and through undersigned counsel, makes his Complaint against the Defendant, states and avers the following:

## PARTIES, JURISDICTION, & VENUE

1. James Timmons ("Timmons") is a resident of the city of Bellville, Richland County, Ohio.

2. At all times herein, Timmons was acting in the course and scope of his employment.

3. Adena Corporation ("Adena Corp.") is a domestic corporation, with its principal place of business at 1310 West Fourth St., Mansfield, Richland County, Ohio.

4. Adena Corp. is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 in that Plaintiff is alleging a Federal Law Claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

6. All of the material events alleged in this Complaint occurred in Richland County, Ohio.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as Plaintiff's state law claims are so closely related to their federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

9. On or about July 30, 2018, Timmons began working for Adena Corp.

10. During the relevant period, Adena Corp. employed Timmons as a welder-fabricator.

11. Timmons is a former employee of Adena Corp.

12. Adena Corp. was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and, therefore, is an employer as defined in 29 U.S.C. § 2611(4).

13. At all times relevant herein, Timmons was employed by Adena Corp. for at least 12 months and had at least 1,250 hours of service with Adena Corp. and, therefore, was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

14. On or about December 20, 2019, Timmons applied for continuous FMLA from December 20, 2019, through, and including, January 5, 2020. ("FMLA Request")

15. Timmons was due to return to work on January 6, 2020.

16. Timmons applied for FMLA leave due to his Crohn's disease. ("Timmons's Condition")

17. Timmons's Condition is a serious medical condition within the meaning of FMLA.

18. On or about December 30, 2019, Adena Corp. sent Timmons a letter confirming Adena Corp.'s receipt of Timmons's FMLA Request. ("Adena Corp. FMLA Letter To Timmons")

19. The Adena Corp. FMLA Letter To Timmons contained the following three enclosures: Adena's FMLA Policy, Adena's Short-Term Disability Summary, and an FMLA Designation Form.

20. The Adena Corp. FMLA Letter To Timmons was signed by Lee Ann Forchione, who worked as a Human Resources Generalist at Adena Corp.

21. In the Adena Corp. FMLA Letter To Timmons, Adena Corp. confirmed that Timmons would be incapacitated for work due to his own illness beginning December 20, 2019, and returning to work on January 6, 2020.

22. In the Adena Corp. FMLA Letter To Timmons, as shown below, Adena Corp. confirmed that Timmons was qualified for FMLA because:

a. Timmons had been employed with Adena Corp. for one year; and

b. Timmons had worked a minimum of 1,250 hours in the past twelve (12) months.

> Since you have been employed with ADENA/NCF for one (1) year and worked a minimum of 1,250 hours in the past twelve (12) months, you qualify for Family & Medical Leave for a period of up to twelve (12) weeks. Family & Medical Leave is a federal law which requires an employer to allow you to take this time off and return to the same or equivalent position, pay, benefits, etc. Family & Medical leave is an unpaid leave of absence.

23. In the Adena Corp. FMLA Letter To Timmons, Adena Corp. informed Timmons that Adena Corp. provides a short-term disability benefit to full-time employees who have been employed at least one year.

24. Because Timmons was a full-time employee and had been employed at Adena Corp. for at least one year, Timmons was eligible for Adena's short-term disability benefit for a maximum period of up to 26 weeks with physician documentation.

25. In the Adena Corp. FMLA Letter to Timmons, there was an FMLA Designation Notice confirming receipt of Timmons's FMLA Leave Request on December 27, 2019. ("FMLA Designation Notice")

26. On the FMLA Designation Notice, Adena Corp. ***approved*** Timmons's FMLA Leave for the period of December 20, 2019, to January 6, 2020, as shown below:

> To: James Timmons
> Date: 12/30/0219
>
> We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided. We received your most recent information on 12/27/2019 and decided:
> ✓ Your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave.

27. As a result of the approval noted by Adena Corp. on the FMLA Designation Notice, Timmons's absence was protected under the FMLA.

28. Alternatively, as a result of the approval indicated by Adena Corp. on the FMLA Designation Notice, Timmons's FMLA absences were not unprotected.

29. As a result of the approval indicated by Adena Corp. on the FMLA Designation Notice, Timmons's absence was pre-scheduled.

30. As a result of the approval indicated by Adena Corp. on the FMLA Designation Notice, Timmons's FMLA absences, for the period of December 20, 2019, to January 6, 2020, could not be used against Timmons for any disciplinary action.

31. Alternatively, using Timmons's FMLA-protected absences against him, for the period of December 20, 2019, to January 6, 2020, would be FMLA interference.

32. Alternatively, using Timmons's FMLA-protected absences against him, for the period of December 20, 2019, to January 6, 2020, would be unlawful.

33. Alternatively, using Timmons's FMLA-protected absences against him, for the period of December 20, 2019, to January 6, 2020, would be retaliation.

34. Alternatively, using Timmons's FMLA protected absences against him, for the period of December 20, 2019, to January 6, 2020, would be FMLA discrimination.

35. On the FMLA Designation Notice, Adena Corp. confirmed that Timmons elected to use paid leave during his FMLA leave.

36. On the FMLA Designation Notice, Adena Corp. confirmed that Timmons's paid leave would be applied to his entire period of FMLA leave entitlement from December 20, 2019, to January 6, 2020.

> ✓ Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: December 20, 2019 to January 6th 2020

37. On the FMLA Designation Notice, Adena Corp. confirmed that prior to Timmons returning to work on January 6, 2020, he would be required to present a fitness-for-duty certificate to be restored to employment.

38. Timmons took off work on **_pre-scheduled_**, **_pre-approved_** leave from December 20, 2019, to January 6, 2020. ("Approved Leave")

39. While off work on Approved Leave, Adena Corp. paid Timmons by issuing Timmons paid leave for the period of December 20, 2019, to January 6, 2020.

40. While off work on Approved Leave, Adena Corp. counted Timmons's paid leave against Timmons's FMLA leave entitlement for the period of December 20, 2019, to January 6, 2020.

41. On or about January 2, 2020, Timmons provided Adena Corp. with a fitness-for-duty certificate restoring him to work, without restrictions, on January 6, 2020.

42. Timmons returned to work on or about January 6, 2020.

43. Timmons worked from January 6, 2020, to January 9, 2020.

44. On or about January 10, 2020, Melody Paloon, from Adena Corp. Human Resources, contacted Timmons about his Approved Leave. ("Contact By Melody from HR")

5

45. In the Contact By Melody From HR, Melody told Timmons that she was contacting him to let him know that his Approved Leave was being counted against him as unexcused, unprotected absences.

46. In the Contact By Melody From HR, Timmons explained to Melody that his absences were not unexcused but, in fact, were Approved Leave.

47. In the Contact By Melody From HR, Timmons explained to Melody that he had followed Adena Corp.'s FMLA Policy to make his FMLA Leave Request.

48. Alternatively, Timmons followed Adena Corp.'s FMLA policy when he made his FMLA Leave Request.

49. In the Contact By Melody From HR, Timmons explained to Melody that he had received the Adena Corp. FMLA Letter To Timmons approving his FMLA leave.

50. In the Contact By Melody From HR, Timmons explained to Melody that he had also received an FMLA Designation Notice approving his FMLA leave.

51. In the Contact By Melody From HR, Melody told Timmons that his FMLA approval contained in the FMLA Designation Notice did not matter because she was categorizing his absence as unscheduled and unprotected.

52. On or about January 10, 2020, Melody told Timmons that he was no longer wanted at Adena Corp. and was no longer permitted to work for any other contractors on any Adena Corp. worksites.

53. On or about January 10, 2020, Melody effectively terminated Timmons's employment with Adena Corp. due to Timmons's allegedly-unscheduled absences. ("Timmons's Termination")

54. Timmons's Termination was based on Timmons's protected use of FMLA

55. Adena's stated reason for Timmons's termination had no basis in fact.

56. Adena's stated reason for Timmons's termination was not the real reason for Timmons's termination.

57. Adena's stated reason for Timmons's termination was pretextual.

58. Adena's termination of Timmons's employment was an adverse action.

59. Adena's termination of Timmons's employment was an adverse employment action.

60. On or about January 10, 2020, Adena Corp. terminated Timmons's employment in retaliation for his use of FMLA leave.

61. On or about January 10, 2020, Adena Corp. terminated Timmons's employment in order to interfere with his exercising of his rights under FMLA.

62. As a direct and proximate result of Defendant's conduct, Timmons suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

63. As a direct and proximate result of Defendant's conduct, Timmons suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

64. Plaintiff each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

66. Adena Corp. is a covered employer under FMLA.

67. During his employment, Timmons qualified for FMLA leave.

68. During his employment, Timmons qualified for FMLA leave.

69. During his employment, Adena Corp. approved Timmons's FMLA Leave Request.

70. Defendant attempted to discourage Plaintiff from taking qualified FMLA leave.

71. Defendant unlawfully interfered with Plaintiffs' exercise of their rights under FMLA in violation of Section 105 of the FMLA and section 825.220 of FMLA regulations.

72. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: RETALIATION IN VIOLATION OF FMLA

73. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. During his employment, Timmons utilized FMLA leave.

75. After Plaintiff utilized his qualified FMLA leave, Defendant retaliated against him.

76. Defendant retaliated against Plaintiff by terminating his employment.

77. Defendant willfully retaliated against Plaintiff in violation of 29 U.S.C. § 2615(a).

78. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant retroactively to restore Plaintiff to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c)      An award of punitive damages against Defendant in an amount in excess of $25,000;

(d)      An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(e)      An award of the taxable costs of this action; and

(f)      An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Andrew Pappert*
Andrew Pappert (0093964)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Drive
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: drew.pappert@spitzlawfirm.com
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

*/s/ Andrew Pappert*
Andrew Pappert (0093964)
**THE SPITZ LAW FIRM, LLC**
*Attorney for Plaintiff*
